IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CURTIS TYRONE GAILLARD,<br><br>        Plaintiff,<br><br>        v.<br><br>TIM READING,<br><br>        Defendant. | Case No. 3:22-cv-00252-JMK |

## NOTICE OF INTENT TO DISMISS FOR LACK OF JURISDICTION

On November 15, 2022, self-represented litigant Curtis Tyrone Gaillard ("Plaintiff") filed a Complaint, a civil cover sheet, and an application to proceed without prepaying the filing fee.[1] Plaintiff brings suit against Tim Reading ("Defendant"), who is employed by Alpha Supported Living Services and acts as Plaintiff's representative payee for purposes of Plaintiff's benefit payments.[2] Plaintiff contends he did not receive his benefits from August 1, 2022, through November 1, 2022.[3] Plaintiff seeks $400,000.00 in damages.

---

[1] Dockets 1–3.

[2] Docket 1 at 2.

[3] Docket 1 at 3; *see also* Docket 2 at 1.

Because Plaintiff checked "SSDI Title XVI" on his civil cover sheet[4] and refers to Defendant as his "payee,"[5] the Court assumes Plaintiff means his Social Security benefits. Additionally, according to its website, Alpha Supported Living Services offers representative payee services for individuals who need assistance managing their finances, "including building budgets, paying bills, receiving Social Security benefits, managing expenses, and general financial education."[6]

28 U.S.C. §§ 1915, 1915A requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[7] Federal courts also have an independent obligation to ensure that they do not exceed the scope of their jurisdiction. In order for a claim to be in federal court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332.

## SCREENING REQUIREMENT

In civil cases where a self-represented litigant has moved to waive the filing fee or prepayment of the fee, federal law requires the Court evaluate the claims

---

[4] Docket 2.

[5] Docket 1 at 3. If a beneficiary cannot manage or direct the management of their SSA benefits, SSA appoints a representative payee ("rep payee" or "payee") to receive and manage the SSA benefits. A rep payee can be a person or an organization. *See* 20 C.F.R. § 416.601.

[6] *See Representative Payee Services,* Alpha Supported Living Services, alphasls.org/supported-living-group-home-services/representative-payee (last visited Apr. 13, 2023).

[7] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 2 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 2 of 8

made in the Complaint. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[10]

## DISCUSSION

Plaintiff filed his Complaint on the Court's template *Civil Rights § 1983 Complaint* form and alleges cruel and unusual punishment.[11] As the basis of jurisdiction on his civil cover sheet, Plaintiff selected diversity.[12] As discussed

---

[8] 28 U.S.C. § 1915A.

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] Docket 1.

[12] Docket 2. Plaintiff also selected the U.S. Government as a plaintiff but has only named a private individual as a defendant. Plaintiff has not alleged a violation of his constitutional rights by employees or agents acting under color of federal law. Therefore, the Court will not address jurisdiction for cases involving the U.S. Government or federal actors.

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 3 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 3 of 8

below, the Complaint fails to state sufficient facts to support a claim under 42 U.S.C. § 1983 ("Section 1983"), and Plaintiff has not established another basis for jurisdiction.

I. **Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")**

To state a civil rights claim under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal law.[13] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[14] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[15] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[16]

Plaintiff has not alleged Defendant was acting under color of state law and cannot maintain a Section 1983 claim against a private individual. Further, while a plaintiff may bring a Section 1983 claim alleging violations of constitutional amendments, Plaintiff has not pled sufficient facts to show he was protected by the Eighth Amendment's Cruel and Unusual Punishment prohibition because he has

---

[13] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[14] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[16] *Galen v. City of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 4 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 4 of 8

not been convicted of a crime.[17] Accordingly, Plaintiff fails to state a proper claim under Section 1983.

## II. Federal Laws Related to Social Security Representative Payees

There are several federal laws pertaining to misuse of benefit payments by representative payees.[18] However, those laws require Plaintiff to seek redress and restitution through the Social Security Administration ("SSA") rather than the federal courts.[19] The statutes suggest the Commissioner of SSA should investigate accusations of any misappropriated or misused benefits by a representative payee, and further suggest that the Commissioner would then hold the representative payee liable.[20] Similarly, SSA's website states the agency will "investigate all allegations of misuse, gather facts and evidence, and make a decision on whether misuse has occurred ... If [SSA] finds misuse … [SSA] will then take [any appropriate] action."[21]

Plaintiff does not assert a claim against SSA, and it is unclear whether Plaintiff has reported the alleged conduct of his representative payee to SSA. Nothing in the above statutes or in Plaintiff's Complaint provides a basis for a lawsuit against a representative payee who has misused his benefits payments or

---

[17] *See Bell v. Wolfish,* 441 U.S. 520, 535 & n.16 (1979).

[18] *See generally* 42 U.S.C. §§ 405 and 1383.

[19] *Sylvester v. Sylvester,* Case No. 09-2544-JMR/FLN, 2009 WL 3711562, at *2 (D. Minn. 2009) (unpublished).

[20] 42 U.S.C. §§ 405(j)(5), 405(j)(7)(A), 1383(a)(2)(E), and 1383(a)(2)(H)(i).

[21] *See FAQs for Beneficiaries Who Have a Representative Payee,* The Social Security Administration, https://www.ssa.gov/payee/faqbene.htm?tl=11 (last visited Apr. 13, 2023).

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 5 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 5 of 8

otherwise violated the terms of the representative payee provisions.[22] Accordingly, the Court does not find a basis for federal question jurisdiction.

## III. Diversity Jurisdiction

For a federal court to exercise diversity jurisdiction, the citizens must be of different states and the amount in controversy must exceed $75,000.[23] "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."[24] The amount in controversy is generally determined from the face of the pleadings.[25]

Plaintiff alleges that the Court has diversity jurisdiction because Plaintiff is a citizen of Alaska, Defendant is a citizen of Washington, and the amount in controversy is $400,000. However, Plaintiff does not provide any supporting facts to support damages exceeding $75,000.[26] Plaintiff reported his monthly benefit is around $1,293/month,[27] and he alleges his benefits were withheld for two months.[28] Even if the alleged withholdings were ongoing, it appears to a legal

---

[22] *See generally* 42 U.S.C. §§ 405(j) *et seq.* and 1383(a) *et seq.*

[23] 28 U.S.C. § 1332(a).

[24] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (internal citation omitted).

[25] *Crum v. Circus Circus Enterprises,* 231 F.3d 1129, 1131 (9th Cir. 2000).

[26] *See, e.g., Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090–91 (9th Cir. 2003) (the party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000 and "[c]onclusory allegations as to the amount in controversy are insufficient").

[27] Docket 3 at 2.

[28] Docket 1 at 3.

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 6 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 6 of 8

certainty that Plaintiff's claim is for less than the $75,000 jurisdictional threshold.[29] Therefore, the Court does not have diversity jurisdiction over Plaintiff's claims.

## IV. State Law Claims

To the extent Plaintiff seeks to bring claims of fraud, conversion, negligence, breach of fiduciary duty, or misrepresentation, these claims are tort claims ground in state law and most typically addressed in state court. Because the Court does not have federal question or diversity jurisdiction over Plaintiff's claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims.[30]

## CONCLUSION

The Court intents to dismiss this action without prejudice for lack of jurisdiction. However, in the interest of fundamental fairness, the Court provides **30 days** for Plaintiff to either file an amended complaint that establishes the Court's jurisdiction or a notice of voluntary withdrawal.

**IT IS THEREFORE ORDERED:**

1. The Court intends to DISMISS this action without prejudice for lack of jurisdiction;

2. Plaintiff is accorded **30 days** to file:

---

[29] *Crum,* 231 F.3d at 1131; *see also Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106 (Under the "legal certainty" standard, the federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount) (internal quotations and citations omitted).

[30] See 28 U.S.C. § 1331.

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 7 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 7 of 8

a. <u>An Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. The Clerk of Court is directed to send a *Non-Prisoner Civil Rights Complaint Form* (Form PS02) with "FIRST AMENDED" written above the title and a *Notice of Voluntary Dismissal* (Form PS09) with this order.

DATED this 13th day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00252-JMK, *Gaillard v. Reading*
Notice of Intent to Dismiss
Page 8 of 8
Case 3:22-cv-00252-JMK   Document 4   Filed 04/13/23   Page 8 of 8